Milwaukee Valve Company v. Commissioner.
Milwaukee Valve Co. v. Commissioner
Docket No. 71144.
United States Tax Court
T.C. Memo 1958-164; 1958 Tax Ct. Memo LEXIS 62; 17 T.C.M. (CCH) 811; T.C.M. (RIA) 58164; August 29, 1958
Walter J. Rockler, Esq., 120 South LaSalle, Chicago, Ill., for the petitioner. John M. Byers, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner has moved for judgment in favor of the petitioner on the pleadings. The Commissioner determined deficiencies in income tax of $66,241.58 for 1953 and $460.75 for 1954. No error is alleged as to 1954. Paragraphs 4 and 5 *63 of the petition are as follows: "4. The determination of tax liability set forth in said notice of deficiency is based upon the following errors: "(a) The Commissioner erred in determining that the correct value of the petitioner's closing inventory as of December 31, 1953, was $318,946.05. The provisions of the Internal Revenue Code of 1939 relied on by the Commissioner, namely, 'Sections 22(c) and 41 or any other Section', are not applicable, and the value shown on the petitioner's tax return in the amount of $196,886.87 is the correct value of the inventory as of December 31, 1953. "(b) If it is determined that the correct value of the closing inventory was $318,946.05, then the Commissioner erred in failing to increase correspondingly the value of the petitioner's opening inventory as of January 1, 1953. "(c) The Commissioner erred in increasing the petitioner's income for calendar year 1953 by the amount of $122,059.18. "(d) The Commissioner erred in determining an excess profits tax liability of $2,778.23 for the calendar year 1953 which is based on adding to excess profits net income an item of abnormal income in the sense of Section 456 of the Internal Revenue Code *64 of 1939. "(e) The Commissioner erred in determining that there is a deficiency in income and excess profits taxes for the calendar year 1953 in the amount of $66,241.58. "5. The facts upon which the petitioner relies as the basis for this proceeding are as follows: "(a) For at least fifteen years prior to 1953, the petitioner has followed a single consistent method of inventory valuation. Inventory has been valued at 'cost or market whichever is lower.' In determining the cost of work in process and finished goods inventories, the petitioner has followed a standard cost system under which each item has been valued at a predetermined cost based on the cost of raw materials, labor and allocated overhead that existed at the time the petitioner adopted this system. The predetermined cost at which items have been priced has remained constant over the years. "(b) The petitioner, in determining the value of the opening and closing inventories for 1953, followed the method of valuation described above. This method of inventory valuation, consistently applied, clearly reflects the actual income of the petitioner for that year. "(c) In income tax audits of prior years, the method of *65 inventory valuation followed by the petitioner was reviewed and discussed; nevertheless, this method was not previously challenged by the Commissioner or his representatives. The Commissioner by seeking to compel an involuntary change in method as of December 31, 1953, without allowing a corresponding adjustment as of January 1, 1953, has sought arbitrarily to compel the petitioner to recognize as income in a single year an increase in inventory values that occurred over a period of at least fifteen years which elapsed since the petitioner's introduction of the standard cost method." The answer admits all of those allegations except that as to 4(d) he answers: "(d) In view of the respondent's admission of error with respect to subparagraph (a) of paragraph 4. of the petition, the allegation of error contained in subparagraph (d) of paragraph 4. of the petition is moot." The material facts alleged and admitted are adopted as findings of fact and an ultimate fact is found as follows: The correct value of the inventory of the petitioner at December 31, 1953, was $196,886.87 as shown in the 1953 income tax return of the petitioner. Decision will be entered under Rule 50.